Appeal from city court of New York, general term.

Action by Bertha Waltenberg against Percival J. Bernhard. From an order of the general term affirming a judgment for plaintiff, and an order denying a new trial (56 N. Y. Supp. 396), defendant appeals. Dismissed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

James C. McEachen and Abm. J. Elkus, for appellant.

Alfred & Charles Steckler, for respondent.

FREEDMAN, P. J. The appeal of the defendant is from an order of the general term of the city court affirming a judgment entered against him upon the verdict of a jury, etc. The notice of appeal to this court embraces nothing else. The record shows, however, that judgment of affirmance was duly entered upon said order, and that no appeal was taken from such judgment. The appeal from the order should be dismissed, with costs.

Appeal dismissed, with costs to respondent. All concur.

---

(27 Misc. Rep. 527.)

REIDY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. May 24, 1899.)

1. STREET RAILROADS—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.
     Plaintiff signaled a street car approaching the crossing on which he was standing to stop, and it slowed down, but did not stop completely, whereupon he attempted to board it while in motion, and after it had passed the crossing, and in doing so was injured. It did not appear that the slowing down of the car was in response to plaintiff's signal. *Held*, that plaintiff was guilty of contributory negligence.

2. SAME—FAILURE TO STOP FOR PASSENGER—NEGLIGENCE.
     A street car, on being signaled to stop, merely slackened its speed, without stopping, whereupon plaintiff attempted to get on it while in motion, and was injured. There was no evidence that the car had slowed down in response to the signal, or that the conductor or motorman knew of the attempt to board it. *Held*, that a finding in an action to recover for such injuries, that the persons in charge of the car were negligent, was not warranted.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Thomas Reidy against the Metropolitan Street-Railway Company. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.

Albert L. Teele, for respondent.

FREEDMAN, P. J. This is an action to recover damages for personal injuries sustained through the alleged negligence of the defendant. The plaintiff neither shows himself free from negligence nor does he show that the defendant was guilty of negligence. His testimony is to the effect that he was standing on the southwest

corner. of Thirty-Fourth street. and Eighth avenue, waiting for a downtown car; that he saw one coming towards him; that he put up his hand, as a signal to the car to stop; that the car began to slow down, but did not stop; that he then ran towards it; and that as it got below the crossing, and while still in motion, he attempted to get on, and had one hand on the rail and one foot on the step of the car, when the car suddenly started, and he was thrown to the ground and received the injuries complained of. It also appears from his testimony that the car had passed the downtown crossing. There is no testimony showing that the car slowed down in response to the signal or call of the plaintiff, nor does it appear that either the gripman or the conductor became aware that the plaintiff desired or was attempting to board the car. For aught that appears, the slackening of the speed of the car while passing the crossing may have been due to a cause other than the signal of the plaintiff; and, in the absence of proof that such reduction of speed was made in response to plaintiff's efforts to. attract attention, he has no ground for assuming that such change in the speed of the car was made. for his benefit or convenience. It therefore affirmatively appears that the plaintiff was guilty of contributory negligence. Upon the question of defendant's negligence the case is as consistent with the exercise of due care as with negligence, and this is not enough. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J., concurring.    LEVENTRITT, J., taking no part.